UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
PARK WEST RADIOLOGY and PARK WEST :
CIRCLE REALTY, LLC,                :
                                   :    06 Civ. 13516 (VM)
                                   :
                  Plaintiffs,      :
                                   :         **ORDER**
                                   :
        -against-                  :
                                   :
CARECORE NATIONAL LLC; CARECORE    :
MANAGEMENT SERVICES, INC; NEW YORK :
MEDICAL IMAGING IPA, INC; NYMI     :
IPA-O LLC; NYMI IPA-M LLC;         :
MICHAEL M. ABIRI, M.D.; WEST SIDE  :
RADIOLOGY ASC; JOEL CANTER, M.D.;  :
DRA IMAGINING, P.C.; AND HUDSON    :
VALLEY RADIOLOGY, P.C.,            :
                                   :
                  Defendants.      :
----------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-1-09

**VICTOR MARRERO, United States District Judge.**

By letter to the Court dated September 11, 2009,
defendant CareCore National LLC on behalf of itself and other
defendants (collectively, "CareCore") sought leave to proceed
with formally filing a motion for summary judgment in this
action.  Plaintiffs Park West Radiology and Park West Circle
Realty, LLC (collectively, "Park West") responded by letter
dated September 18, 2009 opposing CareCore's request.  On
several previous occasions, at conferences with the Court and
other correspondence, CareCore has made the same application
and the Court invited the parties to address the matter by
letter briefs addressing the factual and legal grounds for
CareCore's contention that, upon completion of fact and expert

discovery in this litigation, there remain no genuine issues of material fact in dispute.[1]

Following its review of the parties' respective prior submissions, the Court expressed its preliminary assessment that proceeding to trial would clarify issues of fact and law so as to better enable the Court to determine whether CareCore is entitled to judgment as a matter of law. Thus the Court suggested that the parties were more likely to resolve the merits of the dispute sooner by trial presentation than by pursuing a dispositive motion at this stage, and that the parties would more productively spend their time and resources preparing for the trial, which was scheduled months ago to commence on November 30, 2009, than submitting a substantial motion for summary judgment that would require several months to brief and even longer for the Court to rule upon. At the same time, the Court indicated that CareCore is not precluded from moving at trial under Federal Rule of Civil Procedure 50 for judgment as a matter of law at the conclusion of Park

---

[1] See Letter to Honorable Victor Marrero from Michael J. Keane and Roy W. Breitenbach dated April 17, 2009; Letter to Honorable Victor Marrero from Matthew L. Cantor, dated April 17, 2009; Letter to Honorable Victor Marrero from Michael J. Keane and Roy W. Breitenbach, dated May 18, 2009; Letter to Honorable Victor Marrero from Matthew L. Cantor, dated May 18, 2009; Letter to Honorable Victor Marrero from Michael Keane, dated July 22, 2009; Letter to Honorable Victor Marrero from Thomas Campbell, dated August 20, 2009; Letter to Honorable Victor Marrero from Matthew L. Cantor, dated August 24, 2009.

West's case.  The Court also recognized that filing a summary judgment motion is entirely within CareCore's prerogatives. However, the Court informed the parties that should the motion be submitted, the Court would be inclined to exercise its discretion to deny it, or to reserve judgment pending the development of a fuller evidentiary record at trial.    See Kennedy  v.  Silas  Mason  Co.,  334  U.S.  249,  256  (1948); Westmoreland v. CBS Inc., 596 F. Supp. 1170, 1178 (S.D.N.Y. 1984).

Upon review of the parties' latest submissions, the Court remains persuaded that there are substantial and complex issues of law as well as genuine issues of material fact in this litigation which would be more effectively crystalized by trial evidence, and that the Court would be better informed to assess CareCore's claim of entitlement to summary disposition with the benefit of a more ample trial record than by motion papers. Specifically, the Court finds from the various letter briefs and conferences that substantial disputes of law and issues of material fact exist with regard to, among other matters:

(1) whether the applicable legal standard to govern the adjudication of this case is the per se rule or rule of reason doctrine;

3

(2) CareCore's market share of the relevant market and the type of imaging services (or covered lives) that constitute that market; the parties' experts apparently differ significantly as to both methodology and results on these questions, and it would be inappropriate for the Court to either disregard these issues or to resolve them by summary judgment;

(3) whether CareCore possesses sufficient market power to affect pricing or market share by excluding other providers or outpatient diagnostic imaging services;

(4) whether, as Park West contends, CareCore's networks constitute a horizontal group boycott and market allocation scheme that has harmed competition, consumers and quality of medical care in the relevant market area by causing longer wait times for critical services, impeding patient access to other higher quality providers, and interfering with physicians' ability to provide appropriate care; or rather, whether, as CareCore counters, the short-term radiology benefits management agreements primarily at issue here are competitively won arrangements that actually operate pro-competitively by reducing costs and providing high quality imaging services at a fixed fee;

(5) whether Park West has sustained antitrust injury by reason

4

of being foreclosed from the relevant outpatient diagnostic radiology market as a result of CareCore's networks contracts; (6) whether other providers of outpatient diagnostic imaging services have been precluded from competing in the relevant market by reason of CareCore's networks agreements and practices;

(7) whether CareCore is an essential facility in the market or sufficiently controls an element necessary for competition;

(8) whether CareCore's ownership structure and business relationships with members and admission of competitors into its health plan networks in fact function as an integrated, risk-taking joint venture, and whether any horizontal restraints imposed by such joint venture are essential to make its services more broadly available.

As the Court has previously stressed, though CareCore has failed to persuade the Court that this litigation can be or should be entirely disposed of on a motion for summary judgment, the Court is also mindful that in the final analysis it cannot bar a party from filing a motion if it chooses to do so. Here, the Court has laid out a course of action that recognizes CareCore's prerogative, while also seeking to achieve a reasonable balance of judicial economy and more effective and expeditious administration of justice.

**SO ORDERED.**

Dated: New York, New York
      30 September 2009

Victor Marrero
U.S.D.J.