UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PARK WEST RADIOLOGY, P.C., and            :
PARK WEST CIRCLE REALTY, LLC              :
                                          :
                    Plaintiffs,           :
        -against-                         :
                                          :   Case No. 06-CV-13516 (VM) (THK)
CARECORE NATIONAL, LLC,                   :
CARECORE MANAGEMENT SERVICES              :   Hon. Victor Marrero
INC., NEW YORK MEDICAL IMAGING IPA,       :
INC., NYMI IPA-O, LLC, NYMI IPA-M, LLC,   :   Hon. Magistrate Judge Theodore Katz
CCN-HI IPA, LLC, CCN IPA, INC., CCN WNY   :
IPA, Inc.                                 :
MICHAEL M. ABIRI, M.D.,                   :
WEST SIDE RADIOLOGY ASSOCIATES, P.C.      :
ANDREW W. LITT, M.D.,                     :
                                          :
                    Defendants.           :
------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO MALPRACTICE ALLEGATIONS, LAWSUITS AND OTHER DISPUTES INVOLVING DOCTORS ASSOCIATED WITH PARK WEST**

**CONSTANTINE CANNON LLP**
   Matthew L. Cantor (MC-8183)
   Axel Bernabe (AB-6547)
   Sacha A. Boegem (SB-2207)
   Marlene Koury (MK-0391)
450 Lexington Avenue, 17th Floor
New York, New York 10017
Telephone: (212) 350-2700
Facsimile: (212) 350-2701

*Attorneys for Plaintiffs*

## I.     **INTRODUCTION**

Plaintiffs move *in limine* to preclude Defendants from referencing malpractice allegations, lawsuits and other disputes involving doctors associated with Park West because such references are irrelevant, unfairly prejudicial, and/or hearsay to which there is no exception. This case concerns alleged antitrust violations by Defendants, and any malpractice allegations, lawsuits or other disputes involving doctors associated with Park West are wholly irrelevant.

Specifically, Plaintiffs are concerned that Defendants will attempt to inject several unrelated and irrelevant disputes into this case in an attempt to tarnish the reputations of the Plaintiffs or inappropriately characterize this dispute as merely another chapter in a long history of disputes between the parties. In particular, Plaintiffs are concerned that Defendants will reference (1) an arbitration between CareCore and Lenox Hill Radiology ("LHR"), an entity at which several of the Park West principals have worked, which concerned allegations that CareCore inappropriately refused to reimburse LHR for particular medical procedures and that it withheld certain other monies from LHR, and (2) a lawsuit for alleged disparagement initiated by CareCore against the New York State Association of Medical Imaging Providers ("NYSAMIP"), an entity to which Plaintiff Dr. David Follett belonged. Any possible relevance of these proceedings to the instant lawsuit is substantially outweighed by the risk of unfair prejudice. References to these proceedings will likely lead to jury confusion on the relevant issues and will be a waste of time.[1]

Moreover, any reference to allegations of malpractice against any of the Park West doctors is similarly irrelevant and prejudicial, particularly as there has never been any tribunal which found that such doctors had actually committed malpractice. Indeed, as any such

---

[1] Plaintiffs seek to exclude references to the *existence* of the referenced proceedings in order to eliminate jury confusion and bias. Plaintiffs do not seek to exclude testimony from these proceedings to the extent such testimony is relevant to this antitrust suit or the credibility of the witnesses who will testify herein.

117260.2

allegations are, by definition, out-of-court statements from non-parties, they are hearsay to which there is no exception.

For these reasons, references to malpractice allegations, lawsuits and other disputes involving doctors associated with Park West should be excluded pursuant to FRE 402 and 802.

## II.   ARGUMENT

Malpractice allegations, lawsuits and other disputes involving doctors associated with Park West are entirely irrelevant to this litigation. Even if they were marginally relevant, their usefulness is significantly outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and the waste of time.

Allegations of malpractice brought against Park West doctors by individuals unrelated to these proceedings are, moreover, hearsay to which there is no exception.

Therefore, Defendants should be precluded from referencing malpractice allegations, lawsuits and other disputes involving doctors associated with Park West, including Dr. David Follett, Dr. Mona Darwish, Dr. William Louie, Dr. Keith Tobin and Dr. Carmel Donovan.

### A.   References To Malpractice Allegations, Lawsuits and Other Disputes Involving Doctors Associated With Park West Are Inadmissible Because They Are Irrelevant

FRE 401 defines "relevant evidence" as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401; *see also U.S. v. Diaz*, 878 F.2d 608, 614 (2d Cir. 1989) (stating that implicit in FRE 401's definition of relevant evidence "are two distinct requirements: (1) [t]he evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action") (internal quotations and citation omitted). While relevant evidence

117260.2

is generally admissible subject to certain exceptions, evidence which "is not relevant is not admissible." FRE 402.

References to malpractice allegations, lawsuits and other disputes involving doctors associated with Park West are irrelevant because they have no tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable. *See* FRE 401. This case concerns alleged antitrust violations by Defendants in violation of Section 1 of the Sherman Act stemming from CareCore and its owner radiologist practices' refusal to admit Park West into the insurance company provider networks it controls. Such concerted refusal was based exclusively on the alleged claim that there was a lack of "geographic necessity" for Plaintiffs' services. Defendants have presented no evidence suggesting that malpractice allegations, lawsuits or other disputes involving doctors associated with Park West had any bearing whatsoever on CareCore and its owners' decision to boycott Park West. Nor have they shown evidence that such disputes have any bearing on whether Defendants engaged in anticompetitive conduct in violation of the Sherman Act.

Plaintiffs are particularly concerned that Defendants will attempt to inject several unrelated and irrelevant disputes into this case in an inappropriate attempt to characterize this antitrust case as merely the latest meritless chapter in a long history of proceedings between the parties. In particular, Plaintiffs are concerned that Defendants may attempt to reference an arbitration between CareCore and LHR and a lawsuit between CareCore and NYSAMIP (an organization in which Park West owner Dr. David Follett, among others, participated) that was ultimately settled.[2] A past dispute between CareCore and LHR – a non-party to this litigation at which several doctors associated with Park West are currently employed (and in which Park

---

[2]  In *In the Matter of the Arbitration Between Lenox Hill Radiology and Imaging Associates, P.C. and New York Medical Imaging, IPA, Inc.* (the predecessor to CareCore), LHR prevailed on some but not all of its claims.

West owner Dr. Follett has an equity interest) – regarding the non-payment of fees by CareCore, are wholly irrelevant to the instant matter. As for the lawsuit between CareCore and NYSAMIP, it was based on allegations by CareCore that this now-defunct organization had defamed CareCore. It is a mystery how a years-old defamation lawsuit by CareCore against an organization that does not even exist anymore is in any way relevant to the instant matter. Furthermore, the fact that any doctor associated with this litigation may have been *accused* of malpractice in the past has absolutely nothing to do with the antitrust issues in dispute in the instant litigation – especially since there has never been a finding that any of Park West's doctors have actually committed malpractice.

There is simply no issue in this case to which any malpractice allegations, lawsuits or other disputes involving doctors associated with Park West are relevant, and thus Defendants should be precluded from making any such references pursuant to FRE 402.

**B.    References To Malpractice Allegations, Lawsuits and Other Disputes Involving Doctors Associated With Park West Are Inadmissible Because They Are Unfairly Prejudicial To Plaintiffs**

Although relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." FRE 403.

Even if references to malpractice allegations, lawsuits or other disputes involving doctors associated with Park West were found to have some marginal relevance, they should not be admitted because their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and the waste of time. *See* FRE 403.

117260.2

The Second Circuit addressed an analogous situation recently and decided to exclude testimony about a prior arbitration, stating:

> Even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. Accordingly, "[c]ourts are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one or both of the same parties." 2 Weinstein & Berger, *Weinstein's Federal Evidence* § 403.05[3][b], at 403-66.2. **Admitting evidence about previous cases "inevitably result[s] in trying those cases ... before the jury," and "[t]he merits of the ... other cases would become inextricably intertwined with the case at bar."** *Kinan v. City of Brockton*, 876 F.2d 1029, 1034 (1st Cir.1989).
>
> ...
>
> **District courts must assiduously guard juries against the siren song of irrelevant and prejudicial prior determinations.** The failure of the court below to discharge that responsibility require a new trial on the merits.

*Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007) (emphasis added); *see also Outley v. City of New York*, 837 F.2d 587, 591-95 (2d Cir. 1988) (excluding evidence of previous lawsuits, even for impeachment purposes, because admitting such evidence would invite "detailed inquiries, denials, and explanations [into the lawsuits], likely to lead to multifariousness and a confusion of issues"). The same rationale expressed by the Second Circuit in *Arlio* and *Outley* apply here: admitting evidence about malpractice allegations, lawsuits or other disputes would inevitably result in delving into the substance of those allegations, lawsuits and disputes, and the merits of same would become inextricably intertwined with the case at bar and result in confusion of issues.

117260.2

Since any such malpractice allegations, lawsuits or other disputes lack any independent relevance, the only possible purpose for which Defendants would reference them would be to try to impugn the character and professional reputation of the doctors associated with Park West, and to bias the jury in favor of the Defendants. This is particularly true as no owner of Park West has ever been found by any tribunal to have committed malpractice. This would risk unfair prejudice to Plaintiffs because it would create the significant danger that the jury develops an unfair bias against Plaintiffs or is confused or mislead into believing that the malpractice allegations, lawsuits and other disputes are somehow relevant to determining whether or to what extent Plaintiffs should receive relief. There is a serious risk that references to malpractice allegations, lawsuits and other disputes would bias the jury against Plaintiffs such that they influence the jury's willingness to award judicial relief despite the strong merits of Park West's case.

Furthermore, referencing any such malpractice allegations, lawsuits or other disputes will result in an undue waste of time because Plaintiffs would be forced to mitigate the possibility that the jury becomes biased, mislead or confused. Such mitigation would necessarily include delving into the substance of such allegations, lawsuits and other disputes, in addition to exposing similar "character evidence" about doctors associated with the Defendants in an attempt to "level the playing field." In short, allowing such references would cause the case to be disrupted by a series of mini-trials on wholly collateral issues, and take the jury far afield from its central task of determining whether Defendants have violated federal antitrust laws.

For all of these reasons, references to malpractice allegations, lawsuits and other disputes involving doctors associated with Park West, including but not limited to those previously discussed, should be excluded pursuant to FRE 403, if not under FRE 402.

117260.2

### C. References To Malpractice Allegations Are Inadmissible Because They Are Hearsay Not Subject To Any Exception

FRE 801 defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FRE 801(c). A hearsay statement can be oral or written. FRE 801(a). Hearsay is not admissible except as provided by the FRE, by rules prescribed by the Supreme Court, or by act of Congress. FRE 802.

Malpractice allegations are hearsay because they are out-of-court statements offered to prove the truth of the matter asserted – namely, to prove that a doctor committed malpractice. They should be excluded because, as hearsay, they are inherently unreliable and untrustworthy. *See United States v. Console*, 13 F.3d 641, 657-658 (3d Cir. 1993) (stating that hearsay is barred because it "is inherently untrustworthy: the declarant may not have been under oath at the time of the statement, his or her credibility cannot be evaluated at trial, and he or she cannot be cross-examined"); *United States v. Amato*, 306 Fed. Appx. 630, 632 (2d Cir. 2009) (stating that "one general purpose of the rule against hearsay is guarding against unreliable testimony that is not subject to cross-examination"); *U.S. v. Sliker*, 751 F.2d 477, 498 (2d Cir. 1984) (stating that the hearsay rule is "based on the policy of excluding inherently unreliable evidence"). Unproven accusations of wrongdoing are precisely the kind of unreliable and unfairly prejudicial out-of-court statements that the rule against hearsay is designed to exclude.

Thus, any malpractice allegation is hearsay because it is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FRE 801(c); *see also* FRE 801(a) (stating that a "statement" can be oral or written). Absent an exception, hearsay such as malpractice allegations are not admissible. FRE 802.

### III. CONCLUSION

For the foregoing reasons, the Court should grant this Motion *In Limine* and exclude any and all references to malpractice allegations, lawsuits and other disputes involving doctors associated with Park West.

Dated: November 3, 2009
       New York, New York

Respectfully submitted,

**CONSTANTINE CANNON LLP**

By: _/s/_
    Matthew L. Cantor (MC-8183)
    Axel Bernabe (AB-6547)
    Sacha A. Boegem (SB-2207)
    Marlene Koury (MK-0391)
450 Lexington Avenue, 17th Floor
New York, New York 10017
Telephone: (212) 350-2700
Facsimile: (212) 350-2701

*Attorneys for Plaintiffs*

117260.2