UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PARK WEST RADIOLOGY, P.C., and  :
PARK WEST CIRCLE REALTY, LLC    :
                                :
              Plaintiffs,       :
      -against-                 :
                                :   Case No. 06-CV-13516 (VM) (THK)
CARECORE NATIONAL, LLC,         :
CARECORE MANAGEMENT SERVICES    :   Hon. Victor Marrero
INC., NEW YORK MEDICAL IMAGING IPA, :
INC., NYMI IPA-O, LLC, NYMI IPA-M, LLC, :   Hon. Magistrate Judge Theodore Katz
CCN-HI IPA, LLC, CCN IPA, INC., CCN WNY :
IPA, Inc.                       :
MICHAEL M. ABIRI, M.D.,         :
WEST SIDE RADIOLOGY ASSOCIATES, P.C. :
ANDREW W. LITT, M.D.,           :
                                :
              Defendants.       :
-----------------------------------------------------------x


**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO MALPRACTICE
ALLEGATIONS, LAWSUITS AND OTHER DISPUTES INVOLVING DOCTORS
ASSOCIATED WITH PARK WEST**


                          **CONSTANTINE CANNON LLP**
                                Matthew L. Cantor
                                Gary J. Malone
                                Axel Bernabe
                                Sacha A. Boegem
                                Marlene Koury
                          450 Lexington Avenue, 17th Floor
                          New York, New York 10017
                          Telephone: (212) 350-2700
                          Facsimile: (212) 350-2701

                          ***Attorneys for Plaintiff***

## PRELIMINARY STATEMENT

Defendants' Opposition ("Defs' Opp.") to plaintiffs' motion *in limine* to exclude references to malpractice allegations, lawsuits and other disputes involving doctors associated with Park West makes two things crystal clear:

1)  Defendants intend to attack plaintiffs based on completely unsubstantiated criminal accusations about alleged "unlawful," "illegal" and "unethical" conduct by non-party Lenox Hill Radiology ("LHR") that are wholly unrelated to the antitrust issues in this case;

2)  Defendants intend to turn this antitrust trial about defendants' conduct into an unseemly sideshow about non-party LHR's allegedly contentious relationship with CareCore.

Thus, absent the Court's intervention, defendants intend to engage in this diversionary tactic to unfairly prejudice the jury against plaintiffs in the hopes of convincing them that, regardless of any illegal conduct on defendants' part, plaintiffs are undeserving of a damages award.[1] This is a typical yet entirely inappropriate tactic used by defendants who lack a strong substantive defense, as is the case here. The Court should firmly reject this blatant attempt at character assassination and exclude all references to malpractice allegations, lawsuits and other disputes involving doctors associated with Park West.

Defendants have put forth various inconsistent positions in an effort to "have their cake and eat it too." Specifically, defendants seek to introduce evidence related to proceedings between LHR and CareCore, such as the arbitration which has been the subject of the parties' motions *in limine*, while at the same time seeking to preclude introduction of the arbitration

---

[1] Defendants' unclean hands defense is, in any event, without any legal merit. *See Perma Life Mufflers, Inc., v. International Parts Corp.*, 392 U.S. 134, 139, *overruled on other grounds by Copperweld Corp. v. Int'l Parts Corp.*, 392 U.S. 134, 139 (1968) ("Illegal conduct by an antitrust plaintiff cannot completely and automatically bar his claim [because] the purposes of the antitrust laws are best served by insuring that the private action will be an ever-present threat to deter anyone contemplating business behavior in violation of antitrust laws"); *Apex Oil Co. v. DiMauro*, 713 F.Supp. 587 (S.D.N.Y., 1989) ("the law has remained consistent that unclean hands is not a defense to an antitrust action"); *Chrysler Corp. v. General Motors Corp.*, 596 F.Supp. 416, 419 (D.D.C., 1984) ("…public interest in preventing anticompetitive injury would be dampened tremendously if defendants were allowed to raise the defense of unclean hands in antitrust actions brought by private parties…").

1

118845.2

decision and evidence of other litigations against CareCore. Defendants cannot be permitted to benefit from the existence of litigations and disputes by using them to show bias or litigiousness on the part of plaintiffs while at the same time be shielded from the substance, evidence and outcome of these disputes. Nor can they do this and also be shielded from the fact others have instituted litigation against CareCore.

Furthermore, the damages that Park West has incurred due to CareCore's anticompetitive conduct have nothing to do with the existence of other lawsuits and disputes which involved Park West doctors. Surely, any probative value of referring to these other lawsuits and disputes does not outweigh the prejudice that plaintiffs would suffer from their reference.

Notwithstanding the above, defendants do not contend that they will proffer evidence related to malpractice claims or allegations. Plaintiffs' motion is unopposed on this ground.

For all of these reasons, plaintiffs' motion to exclude references to malpractice allegations, lawsuits and other disputes involving doctors associated with Park West should be GRANTED.

## ARGUMENT

I. **DEFENDANTS DO NOT CONTEND THAT THEY WILL PROFFER EVIDENCE RELEVANT TO MALPRACTICE CLAIMS**

Defendants do not contend that they will proffer evidence related to malpractice claims or allegations. Plaintiffs' motion is unopposed on this ground.

II. **DEFENDANTS ARE INCONSISTENT IN SEEKING TO (1) INTRODUCE EVIDENCE RELATED TO PROCEEDINGS BETWEEN LHR AND CARECORE AND (2) PRECLUDE THE INTRODUCTION OF THE LHR ARBITRATION DECISION**

Defendants seek to introduce evidence related to proceedings between LHR and CareCore, such as the arbitration which has been the subject of the parties' motions *in limine*, while at the same time seeking to preclude introduction of the arbitration decision. *See*

2

118845.2

defendants' motion *in limine* to exclude PX 259, the decision from the arbitration. Defendants cannot have it both ways. If defendants are permitted to reference the arbitration to paint plaintiffs as litigious and biased, plaintiffs will likely seek to introduce the arbitration decision and other evidence from the arbitration and other litigations involving CareCore to show that the arbitration and other litigations had merit.

### III. DEFENDANTS ARE INCONSISTENT IN SEEKING TO (1) INTRODUCE EVIDENCE RELATED TO PROCEEDINGS BETWEEN LHR AND CARECORE AND (2) PRECLUDE EVIDENCE OF OTHER LITIGATIONS AGAINST CARECORE

Defendants seek to introduce evidence related to proceedings between LHR and CareCore, such as the arbitration which has been the subject of the parties' motions *in limine*, while at the same time seeking to preclude introduction of other litigations against CareCore, many of which assert claims that are similar to those raised by Park West. Defendants should not be permitted to introduce the existence of irrelevant disputes such as the arbitration between LHR and CareCore at this trial while they are shielded from the substance, evidence and outcome of disputes and other litigations that have been brought against CareCore, much of which substantiates the allegations that Plaintiffs have made herein.

### IV. EVIDENCE OF LAWSUITS INVOLVING DOCTORS ASSOCIATED WITH PARK WEST ARE IRRELEVANT TO DAMAGES

Park West's damages have nothing to do with lawsuits and other disputes involving doctors associated with Park West. Defendants argue that "the multitude of complaints" filed by LHR and Park West "taking issue" with CareCore's policies and procedures are "proof of Plaintiffs understanding of CareCore's policies and procedures" which, according to defendants, show that plaintiffs' damages were self-inflicted. Defs' Opp. at 4-5. Apparently defendants would have the Court believe that they need to refer to various lawsuits by LHR in order to show that Park West "understood" CareCore's credentialing policies. Even if that was the case, this

3

would present no defense to antitrust injury and monetary losses that the group boycott employed by CareCore and its radiologist owners has caused Park West to suffer. The existence of lawsuits and other disputes involving doctors associated with Park West is entirely irrelevant to the damages suffered by Park West as a result of CareCore's denial of Park West for lack of geographic necessity.

However, even if Park West's "understanding" of CareCore's unlawful and unethical policies and procedures were relevant in some way, defendants are more than capable of showing this understanding by far less prejudicial means than by referencing all sorts of unrelated lawsuits and other disputes involving doctors associated with Park West.

### V. THE PROBATIVE VALUE OF REFERENCING LAWSUITS AND OTHER DISPUTES INVOLVING DOCTORS ASSOCIATED WITH PARK WEST DOES NOT OUTWEIGH THE UNFAIR PREJUDICE THAT PLAINTIFFS WILL SUFFER

Defendants make spurious claims throughout their opposition about how referencing lawsuits and other disputes involving doctors associated with Park West are relevant to the instant litigation. However, even if there were some relevance to these lawsuits and other disputes, the probative value of referring to them does not outweigh the unfair prejudice that would be suffered by plaintiffs.

### VI. THE PARTIES MOTIONS *IN LIMINE* RELATED TO PREVIOUS LITIGATIONS AND DISPUTES INVOLVING THE PARTIES AND UNSUBSTANTIATED ALLEGATIONS OF UNLAWFUL AND UNETHICAL CONDUCT BY NON-PARTIES ARE INEXTRICABLY LINKED

Plaintiffs have been consistent in moving *in limine* to exclude a host of irrelevant, collateral and potentially prejudicial materials related to previous litigations and disputes involving the parties and unsubstantiated allegations of unlawful and unethical conduct by non-parties so that this antitrust case can be narrowly focused on the core issue of whether defendants engaged in anticompetitive conduct in violation of the Sherman Act. In contrast, defendants

have tried in their motions *in limine* to have it both ways, excluding substantive evidence from disputes such as the LHR arbitration, NYSAMIP litigation, and other litigations against CareCore, while at the same time being permitted to reference these disputes in order to paint plaintiffs as being litigious and biased, and permitted to make entirely unsubstantiated allegations of criminal and ethical wrongdoing against non-parties. All of the parties' motions *in limine* are inextricably linked in that if defendants are permitted to reference previous litigations and disputes involving the parties and to make inflammatory and unsubstantiated allegations against non-parties, then plaintiffs must withdraw their motions *in limine* attempting to exclude evidence concerning same in order to defend themselves with respect to these collateral issues. Therefore, plaintiffs urge the Court to decide the parties' motions *in limine* concerning all of these issues with a broad view of how the Court wishes this trial to proceed.

Plaintiffs do not object to defendants arguing that LHR is a participating provider in CareCore, or even to defendants discussing the links between Park West doctors and LHR, to the extent they exist. Rather, plaintiffs object to defendants being permitted to turn this trial about defendants' anticompetitive conduct into an unseemly sideshow about non-party LHR's allegedly contentious relationship with CareCore. Plaintiffs similarly object to defendants being allowed to attack plaintiffs based on completely unsubstantiated criminal accusations about alleged "unlawful," "illegal" and "unethical" conduct by non-party LHR that are wholly unrelated to the antitrust issues in this case.

If defendants are permitted to turn the trial of this case into "a multi-ringed sideshow of mini-trials on collateral issues," plaintiffs will likely seek to introduce evidence concerning lawsuits brought by and against CareCore demonstrating that CareCore has and/or is engaged in an illegal conspiracy to restrain trade, in addition to other unlawful and unethical conduct. For

instance, defendants seek to refer to the fact that LHR brought arbitration against CareCore to show that LHR doctors have a bias against CareCore. In reality, the said arbitration was brought by five separate radiology practices seeking to hold CareCore liable for, among other things, (a) CareCore's non-payment of claims to non-owner CareCore radiology practices, (b) CareCore's steering of patients away from non-owner radiology practices and to CareCore-owned practices, and (c) CareCore's improper withholding of funds it held in trust for non-owner practices such as Lenox Hill. Indeed, the arbitrator in that matter found in favor of the radiology practices and against CareCore on several of those claims.[2]

Defendants also seek to refer to the lawsuit they filed against the New York State Association of Medical Imaging Providers ("NYSAMIP") and Dr. Follett at LHR to show that he is biased against CareCore. Yet that lawsuit was, in fact, brought by CareCore in direct retaliation against Dr. Follett and other practices for bringing the aforementioned arbitration.[3] Several of CareCore's claims were so frivolous that the Court dismissed them against a number of the individually named doctors.

If defendants are permitted to reference either the Arbitration or the NYSAMIP litigation to paint plaintiffs as litigious and biased, plaintiffs will seek to introduce the Arbitration Decision and the NYSAMIP complaint, as well as the Court's dismissal of a number of CareCore's claims, and other litigations and disputes involving CareCore to show that multiple forums have found

---

[2] CareCore is presently trying to exclude this negative Arbitration Decision from this litigation while at the same time seeking to be able to reference the existence of the arbitration to show that the plaintiffs are litigious and biased. *See* defendants' motion *in limine* to exclude PX 259, and plaintiffs' response regarding same.

[3] The NYSAMIP litigation has also been the subject of the parties' motions *in limine*, with defendants insisting that they will use the existence of the NYSAMIP and other litigations to show bias on the part of plaintiffs, including that plaintiffs harbor animosity towards CareCore based on previous disputes, while simultaneously arguing that the actual complaint from the NYSAMIP litigation be excluded as prejudicial. *See* defendants' motion in limine to exclude the Verified Amended Complaint in the NYSAMIP litigation.

118845.2

wrongdoing on the part of CareCore and to show that it is CareCore that is at the source of the allegedly contentious relationship with Lenox Hill.[4]

In order to avoid the "multi-ringed sideshow of mini-trials on collateral issues" that the Court has already expressed concern over, plaintiffs urge the Court to exclude entirely all of these unrelated allegations, disputes, lawsuits and the like.

## CONCLUSION

For all of the foregoing reasons, the Court should GRANT plaintiffs' motion *in limine* to exclude references to malpractice allegations, lawsuits and other disputes involving doctors associated with Park West.

Dated: November 12, 2009
      New York, New York

Respectfully submitted,

**CONSTANTINE CANNON LLP**

By:  /s/ Matthew L. Cantor
    Matthew L. Cantor
    Gary J. Malone
    Axel Bernabe
    Sacha A. Boegem
    Marlene Koury
450 Lexington Avenue, 17th Floor
New York, New York 10017
Telephone: (212) 350-2700
Facsimile: (212) 350-2701
*Attorneys for Plaintiffs*

---

[4] Furthermore, to the extent defendants are permitted to make sweeping and unsubstantiated allegations against non-party LHR in an effort to smear plaintiffs, plaintiffs will likely seek to produce and have introduced at trial exculpatory evidence not previously produced because of the Court's appropriate Orders ruling that such evidence was not relevant. If defendants are permitted to introduce self-serving evidence, including internal CareCore emails and documents, to suggest unethical and unlawful conduct on the part of LHR, then LHR must have an opportunity to respond to this evidence with evidence of its own.

118845.2